**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| ULYESSE LASSITER, | : | |
| Plaintiff | : | |
| | : | NO. 5:10-CV-48 (HL) |
| VS. | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Officer STANLEY YOUNG, *et al.*, | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

      Plaintiff **ULYESSE LASSITER**, an inmate at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* has been granted by separate order entered simultaneously this date. Nevertheless, plaintiff is obligated to pay the full amount of the $350.00 filing fee, as described later in this order and recommendation.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

      Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." ***Neitzke***, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff Lassiter's claims arise out of two incidents of force. On September 1, 2008, plaintiff was a "high max" prisoner at Jackson State Prison. On that date, Officers Jason Dickerson, Bagget, Jefferies, and Shavers escorted plaintiff to the shower. Plaintiff claims that on the way there, Officer Stanley Young jumped on him and punched him in the jaw and stomach using handcuffs around his knuckles, while Dickerson, Bagget, Jefferies, and Shavers watched. Young threatened plaintiff if he reported the attack.

Following this incident, plaintiff asked to speak to a supervisor. According to plaintiff, Lieutenant Carlow promised to get plaintiff medical attention and grievance forms and assured plaintiff that he did not need to worry about Young as he was on the other side of the prison. With Carlow's assurances, plaintiff agreed to return to his cell, escorted again by Dickerson, Bagget, Jefferies, and Shavers.

As he did when plaintiff went to the shower, Officer Blackmon opened the cell door from his control booth. Awaiting plaintiff was Young who allegedly threw two cups of urine on plaintiff and knocked him onto the concrete floor. Young continued to kick and stomp plaintiff as he lay on the floor. Plaintiff Lasseter complains that Dickerson, Bagget, Jefferies, and Shavers all stood by and ignored his pleas for help as did Officer Blackmon in the control booth.

Plaintiff states that he was thereafter examined by a nurse and interviewed by Deputy Warden Glenn Johnson and Unit Manager Ernest Mintz who were called to the prison from their homes. He was then placed in a "strip cell" where he was allegedly forced to sleep on a mattress located on the floor. The following day, plaintiff asked Warden Hilton Hall to see a doctor and his request was accommodated.

As a result of the assault, plaintiff alleges that he suffered blackouts, severe headaches, dizzy spells, numbness, and nerve pain. He was later placed on the mental health case load. He complains that Mental Health Counselor Faye Cook "ignored" his problems and instead focused on trying to "encourage" plaintiff not to pursue legal action, allegedly in a conspiracy with the "administration." According to plaintiff, Cook seldom came to visit him or to treat him.

Plaintiff alleges that he constantly complained to "administration employees" of his mental and physical issues but to no avail. He also attempted to file a grievance on the incident but claims that Director of Investigations and Compliance Tom Sittnick and Manager of Inmate Affairs and Appeals Shevondah Fields lost his paperwork.

Plaintiff names the following individuals as defendants: Officers Stanley Young, Jason Dickerson, Bagget, Jefferies, Shavers, and Blackmon, Lieutenant Carlow, Deputy Warden Glenn Johnson, Unit Manager Ernest Mintz, Warden Hilton Hall, Mental Health Counselor Faye Cook, Director of Investigations and Compliance Tom Sittnick, Manager of Inmate Affairs and Appeals Shevondah Fields, Medical Supervisor Dawn Smith, and Mental Health Director Eric Cowart. Plaintiff fails to assert any allegations against Smith and Cowart.

## II. DISCUSSION

### A. Lieutenant Carlow

Plaintiff's allegations against Lt. Carlow are insufficient to state a constitutional claim under section 1983. According to plaintiff, Carlow merely promised to obtain medical attention and grievance forms which plaintiff apparently received. He does not allege that Carlow had reason to know of either of Young's attacks before they happened. Accordingly, **IT IS RECOMMENDED** that Lieutenant Carlow be **DISMISSED** from this action.

3

### B.  *Glenn Johnson and Ernest Mintz*

Plaintiff merely alleges that Johnson and Mintz interviewed him following Young's attacks. As in the case of Lieutenant Carlow, plaintiff's complaint on its face fails to allege any valid claim against either Johnson or Mintz.  It is therefore **RECOMMENDED** that Glenn Johnson and Ernest Mintz be **DISMISSED** as defendants herein.

### C.  *Hilton Hall*

It is unclear why plaintiff is suing Hilton Hall who accommodated plaintiff's request to see a doctor. Because plaintiff has alleged no valid claims against Warden Hall, **IT IS RECOMMENDED** that Hall be **DISMISSED** as a defendant.

### D.  *Tom Sittnick and Shevondah Fields*

Plaintiff's only allegation against defendants Sittnick and Fields is that they lost plaintiff's grievance forms.  His complaint that his prison grievance was not handled properly fails to state a section 1983 claim.  The Eleventh Circuit Court of Appeals has held: "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."  *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005).  Therefore, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983. Consequently, **IT IS RECOMMENDED** that defendants Sittnick and Fields be **DISMISSED** from this action.

### E.  *Dawn Smith and Eric Cowart*

Because plaintiff does not mention Smith or Cowart in the body of his complaint, it is **RECOMMENDED** that they be **DISMISSED** as defendants.

4

*F.  Officers Stanley Young, Jason Dickerson, Bagget, Jefferies, Shavers, and Blackmon, and Mental Health Counselor Faye Cook*

Construing the allegations most favorably to plaintiff, as this Court is required to do at this juncture, the Court cannot determine that plaintiff's claims against the above defendants are frivolous.  Accordingly, it is hereby **ORDERED** that service be made against Officers **STANLEY YOUNG**, **JASON DICKERSON**, **BAGGET**, **JEFFERIES**, **SHAVERS**, and **BLACKMON**, and Mental Health Counselor **FAYE COOK**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞                                         ### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

**DISCOVERY**

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞      After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**Pursuant to 28 U.S.C. §636(b)(1), plaintiff Lassiter may file written objections to the RECOMMENDATIONS herein with the Clerk of court directed to the district judge assigned to this case, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.**

**SO ORDERED AND RECOMMENDED**, this 1st day of MARCH, 2010.



　　　　　　　　　　　　　　　　　　　　CLAUDE W. HICKS, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**ADDENDUM**

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.